UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                      CASE NO. 08-20080

v.                                      PAUL D. BORMAN
                                      UNITED STATES DISTRICT JUDGE

RASHAD BELL,

      Defendant,
_____/

**ORDER**
**DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION**
**OF COURT'S ORDER OF JULY 23, 2008 FOR RESENTENCING**

**BACKGROUND**

On July 22, 2008, the Court held a sentencing hearing in the instant case. Defendant had pled guilty to (1) one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), and (2) one count of carrying a firearm during and in relation to a drug trafficking offense – possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). The second offense requires that the Court impose a mandatory five year sentence to run consecutive to the sentence imposed on the drug trafficking offense. At the July 22, 2008 hearing, the Court sentenced Defendant to 57 months imprisonment on the drug count, plus the mandated 5 year consecutive sentence on the gun count, for a total 117 month sentence. The resentencing issue pertains solely to the sentence to be imposed on the drug count.

The instant indictment involved two defendants. The co-defendant had been sentenced

1

previously. The Assistant United States Attorney ("AUSA") assigned to this case was not present at Defendant's sentencing to discuss, *inter alia*, the comparative situations of the two defendants, and other case-specific issues including the Sentencing Guidelines and factors set forth in 18 U.S.C. § 3553(a). The Probation Officer who prepared both presentence reports also was not present to provide the Court with input regarding the comparative situations of the two defendants, and important information on the sentencing issues that arose at the hearing, in particular how she arrived at the criminal history total points. The Court finds that the presence of these two directly involved parties was critical in the instant case where the Defendant's lawyer was ineffective and did not provide a sentencing memorandum to the Court.

The ineffective assistance by defense counsel was not just that a defense sentencing memorandum was not provided to the Court and the parties in advance, but further that no memo was even provided on the day of the sentencing. Had one been timely provided in advance, the Court would have received a written response from the AUSA, and the Probation Officer. Thus, the Court would have received this important information to utilize at the sentencing, even if the authors were not in attendance.

Repeating the essential facts: <u>Not</u> in attendance at the sentencing were (1) the Probation Officer who had authored the presentence report, and (2) the Assistant United States Attorney who had prosecuted this two-defendant case. In attendance were a substitute Probation Officer, and a substitute Assistant United States Attorney.

Although Defendant's counsel was physically in attendance, he did not provide his client with effective assistance of counsel. At the sentencing, he haphazardly advanced various sentencing arguments, seeking drastic sentencing requests – from the Guideline range of 57-71

months, to an initial downward variance to a five month sentence, followed up by a second request for that downward variance to probation. Defense counsel never cited any specific Guidelines as he morphed in and out of Guideline arguments, and a shotgun pattern of arguments under 18 U.S.C. § 3553(a). He spoke about his client's prior record, first under the non-guideline variance argument, then he argued a guideline claim of over-representation of criminal history, and then revisited his § 3553(a) factor argument.

Defense counsel's failure to file a sentencing memorandum in advance – violated Federal Rule of Criminal Procedure 32(f) which mandates that objections to the presentence report must be filed within 14 days after receiving the report. This covers objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report. Rule 32(f) also requires the objecting party to provide a copy of its objections to the government and the probation officer.

Because the Court did not have the benefit of a specific case-related written response from the case-U.S. Attorney or the case-Probation Officer or their presence at the sentencing to respond orally, the Court was not in a position to properly evaluate the defense attorney's arguments in light of the complicated issues that arose.

This is not to say that in every case where a substitute AUSA and/or Probation Officer attends the sentencing, the sentencing hearing must be continued to another date. But in this instance, the Court was confronted with the "perfect storm" involving a lack of due process and ineffective assistance of counsel; an ineffective defense counsel who haphazardly, and for the first time, advanced drastic sentencing arguments at the hearing, an absent case-AUSA, and an absent case-Probation Officer. The totality of deficiency makes this case *sui generis*. Indeed

this is the first case where the Court, in 14 years on the bench, has *sua sponte*, ordered a resentencing in the interest of justice.

**THE SENTENCING HEARING: JULY 22, 2008**

The following quote from a prominent criminal procedure casebook applies to this instant case:

> The Sixth Amendment right to counsel extends to sentencing, a "stage of a critical proceeding where substantial rights of a criminal accused may be affected." *Mempa V. Rhay*, 389 U.S. 128 (1967).

Modern Criminal Procedure, Kamisar, Lafave, Israel, et al 12th Ed. 2008, P. 1505. In *Mempa*, the Supreme Court reaffirmed under the Sixth Amendment holding in *Gideon v. Wainright*, 372 U.S. 335 (1963), the right to effective assistance of counsel at sentencing, that it had previously provided to defendant under the Due Process Clause in *Townsend v. Burke*, 334 U.S. 736 (1948).

The instant sentencing hearing began late in the day at 3:15 p.m..

At the beginning of this hearing, defense counsel, after acknowledging that the sentencing guideline range in the PSR was 57-71 months, then requested a <u>huge</u> variance – that the Court use the 18 U.S.C. § 3553(a) factors to sentence Defendant to "time served" on for the drug count. (Sentencing Tr., 5). At that time, Defendant had been incarcerated for 5 months, so the downward variance amounted to 52 months. (*Id.* at 6).

The Court then asked defense counsel to confirm that he was requesting a downward variance from the 57 month bottom of the guideline range to five months. (*Id.*) Defense counsel responded that he "misspoke" when he asked for five months – time served; defense counsel

4

stated that he wanted an even greater variance, that the Court "consider giving him probation on the drug count . . ." – a 57 month, 100% downward variance from the 57 month bottom of the Guideline range.

This second request, for probation, further evidences that defense counsel was not competent at the sentencing hearing, and did not understand the federal sentencing guidelines. Defense counsel requested an even larger downward variance – 57 months – which requires additional justification for support – when it provides no benefit to the defendant because the five months already served means that his remaining sentence is now 52 months. Thus sentencing to probation, or five months of time served, yields the same benefit to Defendant. On the other hand, defense counsel's request for probation on the second count creates an even greater hurdle for his client under sentencing law, because if granted, results in a larger variance, which requires even more compelling justification by the sentencing judge, and invites even greater scrutiny on appeal by the Court of Appeals.

Thereafter, defense counsel states that "I didn't file a sentencing memorandum in this case based – only because I had an opportunity to speak to Miss Kosmos from the probation department . . . today." (Sentencing Tr., 7). This is clearly ineffective assistance of counsel. The Probation Officer does not sentence the Defendant, so speaking with her on the day of the sentence does not translate into advising the Court on the day of the sentence. Further, as noted, *supra*, the case-probation officer was not at the hearing.

After initially ignoring the Guidelines as he began his allocation, defense counsel proceeded to raise an issue that relates to the Guidelines, without mentioning the Guidelines, that defendants "criminal record is overstated . . . ." (Sentencing Tr., 7). Defense counsel did not

5

mention the relevant Guideline provision, § 4A1, 3, but the Court steered defense counsel o the relevant Guidelines criminal history section. (*Id.* at 7-8).

Thereafter, the Court attempted to deal with the complex facts in the Presentence Report. Namely, although Defendant's prior convictions resulted in only two criminal history points, Defendant's scoring was elevated to six criminal history points. The Court discussed the issues with the substitute Probation Officer, Defendant's post conviction conduct, and the date of the instant offense in relation to his period of sentence/probation. While the Court received an answer from substitute probation officer, neither he nor the parties, nor the Court, had the opportunity to flesh-out this important issue. As noted above, no sentencing memorandum was submitted and, therefore, neither the government nor the Court had the opportunity to adequately research the Guidelines and the law as applied to the instant facts. It goes without saying that defense counsel did none of the above.

This is an important issue for the parties, the Court and the probation officer to clarify and resolve at the resentencing. The substitute probation officer, in responding to a question by the Court states: "My understanding, your Honor, is in paragraph 37, the author of the presentence investigation indicates . . ." (Sentencing Tr., 10). This confirms that the Court would have been properly served by having the author of the Presentence Report present to fully explain her basis for adding four points.

In response to Defense counsel's sentencing argument, the AUSA stated that "the factors that [defense counsel] has presented certainly seem appropriate, and what sentence the Court imposes, the government will be satisfied with . . . Well I should qualify, that. (Sentencing Tr., 12). Thus, the Government appears to provide credence to Defendant's counsel's argument; but

again the substitute AUSA did not get into the specifics, having no advance memo or notice by defense counsel.

In hindsight, when defense counsel raised issues anew at the hearing, and because the case- prosecutor and case-probation officer were not present, the Court should have terminated that hearing, and set a new date for a sentencing hearing to permit the relevant parties to respond to Defendant's arguments, thereby providing the Court with critical pertinent factual and legal responses to defense counsel's out-of-the-blue arguments. In addition, the Court should have required defense counsel to file a written memorandum in support of his arguments/objections prior to any sentencing hearing as required by Fed. R. Crim. P. 32. In essence, this is what the Court is accomplishing with the instant order – providing Defendant with due process, and providing Defendant with effective assistance of counsel.

Instead, however, at 3:40 p.m., the Court proceeded to impose a Guideline sentence of 57 months, on Count 2, followed by the mandatory 5 year (60 month) sentence on Count 4. Later that day, shortly after 5:00 p.m., the Court concluded that the sentencing hearing did not provide Defendant with due process, and that prejudice to Defendant under the Sixth Amendment resulted because his lawyer did not provide him with effective assistance of counsel. The Court took the first opportunity to correct this manifest injustice the very next day, by issuing an order for resentencing, removing Defendant's ineffective counsel, and ordering the appointment of having new CJA counsel for Defendant.

The Court did not, and could not schedule the resentencing within seven days of the sentence, see Fed. R. Crim. P. 35(a), because new Criminal Justice Act defense counsel had to be appointed, who, in order to provide effective assistance, necessarily was required to acquire a

copy of the sentencing hearing transcript, review the file, talk to the probation officer and the Defendant, and thereafter file a sentencing memorandum on behalf of the Defendant.

As the Supreme Court noted in *Irizarry v. United States*, 128 S.Ct. 2198, 2203 (2008):

> Sound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues.

This did not occur in the instant case. Lack of notice by defense counsel, prevented the AUSA, the Probation Officer, and the Court from confronting, debating, and resolving the critical issues regarding, *inter alia*, the scoring of Defendant's criminal history under the Guidelines, and § 3553(a) factors. In addition, defense counsel did not bring anything to the table on this issue at sentencing. As a result, significant issues were raised at the hearing that could not be responded to adequately during sentencing or within the seven days mandated by Fed. R. Crim. P. 35. Accordingly, the Court acted to correct the constitutional violations by scheduling a new sentencing hearing the next day. The Court notes that the government is, in no way, prejudiced by the resentencing. Moreover, the Court's duty to uphold the Constitution necessitates resentencing in the face of the extraordinary circumstances presented here.

**CONCLUSION**

In conclusion, the Court finds that Defendant was deprived of his right to due process at the sentencing hearing and further deprived of his right to effective assistance of counsel. The absence of the case-AUSA and the case-Probation Officer prevented the sentencing judge from being adequately advised about critical factors in the instant sentencing proceeding. Thus, Defendant was deprived of his right to due process of law at that critical stage. That Defendant was deprived of his Sixth Amendment right to effective assistance of counsel is manifest. In this

situation, the Court has the duty to maintain the integrity of the Court and to respond to the denial of the Defendant's right to due process at the sentencing hearing. *See State of New Mexico v. Grogan*, 142 N.M. 107, 163 P.3d 494 (2007).

Accordingly, the Government's Motion for Reconsideration of the Court's Order for a resentencing is DENIED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 25, 2008.

s/Denise Goodine  
Case Manager

9